# EXHIBIT A

EFiled: Oct 23 2018 03:09PM EDT
Transaction ID 62589080
Case No. K18C-10-027 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES L. GAZZOLA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| BAYHEALTH MEDICAL CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### THE PARTIES

1. The Plaintiff, James L. Gazzola ("Gazzola") is a resident of the State of New Jersey.

2. Gazzola is a degreed engineer with a Master of Business Administration Degree, with over thirty years' experience in engineering.

3. The Defendant, Bayhealth Medical Center, Inc., ("Bayhealth") is a Corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is Bayhealth Medical Center, Inc., 640 S. State St. Dover, DE 19901.

### THE FACTS

4. The Plaintiff, Gazzola was formerly employed by the Defendant, Bayhealth Medical Center, Inc.

5. At all times relevant Michael Metzing was employed by the Defendant, Bayhealth, as Vice President of Corporate Support Services.

6. At all times relevant Metzing was acting on behalf of Bayhealth, as its employee and agent, in the interests of Bayhealth.

7. Bayhealth is responsible for the actions of Metzing under the doctrine of respondeat superior.

8. Early in the year 2016 Bayhealth began advertising for a Senior Director of Facilities Engineering and Construction at the Medical Center owned and operated by Bayhealth in Dover, Delaware.

9. In February 2016, Bayhealth extended an offer of employment to the Plaintiff to join Bayhealth Medical Center, as Senior Director, Facilities Engineering and Construction.

10. The offer of employment referred to in ¶10 included terms for a salary, Paid Time Off, and that the Plaintiff would report to the Vice President of Corporate Support Services.

11. The offer of employment referenced in ¶10 included a potential performance bonus of up to eight percent (8%) of Plaintiff's annual base salary.

12.    The offer of employment referred to in ¶10 included a sign on bonus of $20,000 to be paid over the period of one year, $7,000 after ninety days (90), $7,000 after six (6) months, and a final $6,000 after twelve (12) months.

13. On February 24, 2016 the parties executed a "Signed-On Bonus and Relocation Agreement" confirming the sign on bonus as referenced in ¶13.

14. On February 23, 2016 the Plaintiff accepted the offer of employment referred to ¶10.

15. On March 21, 2016 the Plaintiff was given a "Job Confirmation" to be employed as Senior Director, Facilities Engineering and Construction reporting to the <u>Defendant,</u> Michael Metzing, which confirmation was signed and agreed to by Gazzola on March 22, 2016.

16. Gazzola commenced work at Bayhealth in the beginning of May, 2016.

17. Soon after commencing work, Gazzola told his supervisor Metzing that there were problems with the facilities' boilers, three cooling towers and the cooling system.

18. Metzing told Gazzola to concentrate on the cooling tower pump problems because he did not expect to receive any financial damages for a sub-standard installation of the boilers or cooling towers.

19. Plaintiff worked with other employees of Bayhealth and was able to determine that the cooling towers were allowing contaminated toxic and corrosive chemicals to be discharged into the storm sewer system rather than into the required sanitary sewer, which would have permitted the toxic and/or corrosive chemicals to be treated.

20. The discharge of toxic and corrosive chemicals into the storm sewer system would then find their way into a body of water known as: "Silverlake", which was surrounded by homes and used for recreational purposes.

21. The discharge of toxic and/or corrosive chemicals into the storm water system would violate the provisions of the laws of the State of Delaware, 7 Del.C. §7201, et.seq., and related State of Delaware Regulations.

22. The discharge of toxic and/or corrosive chemicals into the storm water system would violate the provisions of the Code of the City of Dover, Delaware, §98-164(a).

23. Approximately one year before the Plaintiff learned of the toxic and corrosive chemicals being discharged into the storm sewer, upon information and belief, Metzing had installed a water treatment system known as "Pulse-Pure" at a cost, upon information and belief, of $300,000.

24. The purpose of the installation of the Pulse-Pure system was to enable Bayhealth to discharge water into the storm water sewer system saving, upon information and belief, approximately $250,000 in annual sewage treatment costs.

25. Upon information and belief it was learned that the Pulse-Pure system did not prevent the cooling tower from testing positive for Legionella contaminant.

26. Upon information and belief, upon learning of the development of

legionella in the discharge water, Metzing and the maintenance manager for Bayhealth directed chemicals to be resumed in the treatment of the cooling tower water discharge.

27. When the treatment of the cooling tower water with toxic chemicals resumed Metzing did not direct that the contaminated water be discharged into the sanitary sewer system, but rather continued to allow it to be discharged into the storm water system.

28. In July, 2017 Plaintiff received the $7,000 bonus for successfully completing his first ninety (90) days pursuant to the referenced $20,000 bonus described in ¶9.

29. On approximately July 14, 2016 Plaintiff had a ninety (90) day review meeting with Bayhealth's Chief Operating Officer.

30.    During the meeting with Bayhealth's Chief Operating Officer, referred to in ¶29, Plaintiff wasinformed of prior issues involving Metzing and invited to meet with the Chief Operating Officer at any time to discuss issues with Metzing.

31. Upon information and belief Plaintiff learned of numerous other environmental problems with Bayhealth including discharge of human waste and raw sewage.

32. On July 20, 2017 Plaintiff had a ninety (90) day review with Human

Resources.

33.      The ninety (90) day review, referenced in ¶33, stated that Plaintiff was making progress and as assured that he would make his first ninety days.

34.  On July 27, 2016 Plainitff received a written commendation for exemplary services in Bayhealth's "Driven" Program from Bayhealth management.

35.  On Friday July 29, 2016 the Plaintiff learned that the contaminated discharged water from the cooling tower was being  discharged into the storm water system, rather that the sanitary water system.

36.  On Friday, July 29, 2016 Plaintiff then directed subordinates to switch the discharging of the contaminated waters from the storm sewer to the sanitary sewer, approximately nine months after it had begun, and before the Plaintiff's employment began with Bayhealth.

37.  On the afternoon of Friday, July 29, 2016 Plaintiff met with Metzing and informed him of the change in discharge of water from the storm sewer system to the sanitary sewer system, and the reasons for the switch.

38.  On Monday, August 1, 2016 Plaintiff reported the violation of environmental law to Robert Wright, Hazardous Waste Manager for Bayhealth who told Plaintiff that the situation should be reported to the Delaware Department of Natural Resourced and Environmental Control ("DNREC").

39.  On the afternoon of August 1, 2016 Plaintiff was directed to meet with

Metzing.

40.   August 1, 2016 was the ninetieth (90) day of Plaintiff's employment with Bayhealth.

41.   At the meeting between Plaintiff and Metzing, on the afternoon of August 1, 2016, Metzing terminated Plaintiff's employment.

42.   Metzing gave no reason to Plaintiff for his termination.

43.   When Metzing terminated Plantiffs employment he explained that Plaintiff could be discharged at any time without cause within the first ninety (90) days of his employment.

44.   Plaintiff applied for and was awarded Unemployment benefits by the New Jersey Department of Labor on or about October 7, 2016.

45.   The decision by the New Jersey Department of Labor on or about October 7, 2016 found that the Plaintiff termination was not for simple misconduct connected with the work the Plaintiff to perform.

46.   As a direct and proximate result of the actions of the Defendants the Plaintiff has suffered, is suffering and in the future will continue to suffer loss of income, great financial damage and loss of economic expectancies.

47.   As a further and direct result of the actions of the Defendants the Plaintiff is suffering and in the future will continue to suffer damage to his professional reputation and ability to earn a living.

48.  As a direct and proximate result of the actions of the Defendants the Plaintiff has and will suffer great pain, suffering, mental anguish, and emotional distress.

## COUNT I
### (Violation of the Delaware Whistleblower Statute, 19 Del. C. 1701, et. seq.)

49.  Plaintiff incorporates herein and makes a part hereof the allegations contained in ¶¶1-48.

50.  The Plaintiff reported to his supervisor, Metzing, his concerns concerning the environmental hazards caused by the disposal of hazardous waste into the environment, prohibited by the laws and regulations promulgated under the laws of this State, and the City of Dover to protect the public from health, system, or environmental hazards.

51.  Metzing, upon information and belief by authority possessed by him on behalf of Bayhealth, terminated the Plaintiffs employment.

52.  Upon information and belief the Plaintiff's termination by the Defendant Bayhealth was a direct and proximate result of the false and/or fictitious information of the environmental hazardous conditions then existing from the discharge of toxic wastes, by Bayhealth, into the storm sewer system to which Bayhealth was connected.

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing
### Against Bayhealth Medical Center, Inc.)

53.  Plaintiff incorporates herein and makes a part hereof the allegations contained in ¶¶1-52.

54.  Upon information and belief the Defendant, Bayhealth's termination of the Plaintiff was based upon fraud, deceit, or misrepresentation for the purpose of preventing the Plaintiff from obtaining the fruits of the contractual agreement between the plaintiff and the defendant, Bayhealth.

55.  Upon information and belief the Defendant, Bayhealth's termination of the Plaintiff was based upon fraud, deceit, or misrepresentation for the purpose of preventing him from obtaining benefits due him under the contract with the defendant.

56.       The Defendant, Bayheaath's termination of the Plaintiff was against the public policies of the State of Delaware, 7 Del.C. §7201, and the Code of the City of Dover, Delaware, §98-164(a), which were enacted to protect persons from the health, safety or hazards  environmental injuries to the natural environment of the State of Delaware and the City of Delaware.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in such amount as this Honorable Court shall award, such judgment

to include compensatory damages, exemplary damages, pre-judgement and post-

judgement interest, attorney's fees, and costs.

/s/ Gary W. Aber
GARY W. ABER (DSB#754)
704 N. King Street, Suite 200
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900

Dated: October 23, 2018          Attorney for Plaintiff

EFiled:  Oct 25 2018 09:46AM EDT
Transaction ID 62595750
Case No. K18C-10-027 JJC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES L. GAZZOLA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| BAYHEALTH MEDICAL CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CORRECTED SUMMONS</u>

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Gary W. Aber, Esquire, plaintiff's attorney, whose address is 702 King Street, Wilmington, Suite 600, DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendants a copy hereof and of the Complaint, Request for Production & Notice of Deposition (and of the affidavit of demand if any has been filed by plaintiff).
Dated:

_____
Prothonotary

_____
Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

_____
Prothonotary

_____
Per Deputy

EFiled:  Oct 23 2018 03:09PM EDT
Transaction ID 62589080
Case No. K18C-10-027 JJC

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES L. GAZZOLA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| BAYHEALTH MEDICAL CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PRAECIPE

TO:   Prothonotary
      Sheriff of Kent County
      414 Federal Street
      Dover, DE  19901-3615


PLEASE ISSUE **SUMMONS, AND COMPLAINT, REQUEST FOR PRODUCTION, and NOTICE OF DEPOSITION** to the Sheriff of Kent County for service upon the defendant, by serving its Registered Agent as follows:

> Bayhealth Medical Center, Inc.,
> 640 S. State St.
> Dover, DE 19901

/s/ Gary W. Aber
GARY W. ABER (DSB#754)
704 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
302-472-4900
Attorney for Plaintiff

Dated:  October 23, 2018

EFiled: Oct 23 2018 03:09PM EDT
Transaction ID 62589080
Case No. K18C-10-027 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES L. GAZZOLA,                           )
                                            )
            Plaintiff,                      )        C.A. No.:
                                            )
      v.                                    )
                                            )
                                            )        JURY TRIAL DEMANDED
BAYHEALTH MEDICAL CENTER, INC., )
                                            )
            Defendant.                      )

## NOTICE OF A RULE 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that the Plaintiff will take the oral deposition of

the Defendant, pursuant to Rule 30(b)(6), Superior Court Civil Rules.   The

defendant shall designate one or more officers, directors, or managing agents to

testify on behalf of the defendant on the following matters:

1. The reasons relating to or pertaining to, or for the hiring of the Plaintiff as
   an employee by, and/or with the Defendant.

2. The reasons relating to pertaining to, or for the termination of the Plaintiff
   as an employee by, and/or with the Defendant.

The defendant shall produce such a knowledgeable person/deponent who is

prepared to fully and responsibly address the questions posed on the listed topics

and/or is to inform himself as to the defendant's knowledge.

The deposition will take place on December 14, 2018, at 10:00 a.m., at the

office of Gary W. Aber, Esquire, 704 N. King St., Suite 200, Wilmington, DE

19801.

           /s/ Gary W. Aber
GARY W. ABER (DSB #754)
704 N. King Street, Suite 200
P.O. Box 1675
Wilmington, DE  19899
302-472-4900
Attorney for Plaintiff

DATED: October 22, 2018

EFiled:  Oct 23 2018 03:09PM EDT
Transaction ID 62589080
Case No. K18C-10-027 JJC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES L. GAZZOLA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| BAYHEALTH MEDICAL CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS FIRST REQUEST OF PRODUCTION DIRECTED TO DEFENDAN DATED OCTOBER 23, 2018

1. All documents, including emails and electronically stored materials, relating to, pertaining to or mentioning the hiring of the Plaintiff as an employee of and/or by the Defendant.

2. All documents including emails and electronically stored materials, relating to, pertaining to or mentioning the quality of the Plaintiffs employment while employed by the Defendant.

3. All documents including emails and electronically stored materials, relating to, pertaining to or mentioning any reason for the termination of the Plaintiffs employment with the Defendant.

4. A copy of the Plaintiffs personnel file.

5. A copy of all documents including emails and electronically stored materials, relating to, pertaining to or mentioning the

performance of the Plaintiff while an employee of the Defendant.

6. All documents including emails and electronically stored materials, relating to, pertaining to or mentioning, or communicating between the Defendant and the New Jersey Department of Unemployment  concerning the claim for unemployment benefits by the Plaintiff.

7. All documents including emails and electronically stored materials, relating to, pertaining to or mentioning the purchase of the equipment referred to as Pulse-Pure System referred to in ¶¶24, 25, & 26 of the Complaint.

8. All documents including emails and electronically stored materials, relating to, pertaining to or mentioning the performance of the Pulse-Pure System as referred to in ¶¶24, 25, & 26 of the Complaint.

9. Copies of all billings received by the Defendant from the City of Dover for treatment of materials released into the sanitary sewer system, from January 1, 2012 through December 31, 2017.

10. Copies of all payments made to the City of Dover for treatment of materials placed into the sanitary sewer system.

11. Copies of all documents emails and electronically stored materials, writings, memorandum, emails, pertaining to, relating to or mentioning the quality of the Plaintiffs performance between the date he was hired and terminated.

12. Copies of all documents, writings, memorandum, emails, pertaining

to, relating to or mentioning the quality of the Plaintiffs performance created after the Plaintiff was terminated.

13. Copies of all documents emails and electronically stored materials relating to, pertaining to or mentioning any monetary sums paid to the Plaintiff while employed by the Defendant.

14. All documents emails and electronically stored materials relating to, pertaining to or mentioning evaluations of the Plaintiffs job performance from the date of his hiring until the date of his termination.

15. All records, emails and electronically stored materials documents, memorandums, or emails, contained within the Bayhealth Human Relations Department, relating to, pertaining to or mentioning the Plaintiff.

16. The Central Utility Log Book from January 1, 2016 through December 31, 2017.

17. All chemical water treatment records for the Bayhealth, Dover Kent General, Facility cooling towers.

18. All correspondence, emails, or any other written or electronic communications between Bayhealth and Energy Transfer Solutions concerning the Pulse-Pure Units as described in Purchase Order 135129CAP.

19. All correspondence, emails, or any other written or electronic

communications between Bayhealth and contractor Ralhph G. Degli Obizzi and Sons, concerning the insolation of the Pulse-Pure Unit as described in Purchase Order 135129CAP.

20.  All correspondence, emails, or any other written or electronic communications between Bayhealth and Guardian CSC.

21.  All correspondence, emails, or any other written or electronic communications between Bayhealth and Clarity Water Technologies.

22.All correspondence, emails, or any other written or electronic communications between Bayhealth and Blue Hen Mechanical Company.

_/s/ Gary W. Aber_
GARY W. ABER (DSB#754)
704 N. King Street, Suite 200
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiff

Dated: October 23, 2018





Kent County Sheriff's Office
555 Bay Rd
Dover, DE 19901
302-736-2161

STATE of DELAWARE
KENT COUN
11/7/20__

# SHERIFF'S RETURN

| | |
|---|---|
| James L. Gazzola, | C.A. No.:   K18C-10-027 JJC |
| Plaintiff, | |
| Vs. | Sheriff No.:  18003538 |
| Bayhealth Medical Center, Inc. | Attorney:    of |
| Defendant | Firm:       Gary W. Aber, P.A.<br>704 King Street<br>P.O. Box 1675<br>Wilmington, DE 19899 |

To:     Superior Court - KC

Served the within Summons & Complaint upon Bayhealth Medical Center, Inc. by leaving with Tiffany Hughes , the Paralegal of Bayhealth Medical Center, Inc. a true and correct copy of the said Writ together with a copy of the: Summons/Complaint this day, 11/2/2018 at 640 South State Street Dover, DE 19901 .

So Answers,

Jason Mollohan
Sheriff of Kent County