IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES L. GAZZOLA, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 18-01853-UNA |
| ) | |
| v. ) | |
| ) | |
| ) | DEMAND FOR JURY TRIAL |
| BAYHEALTH MEDICAL CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION TO REMAND DEFENDANT'S IMPROVIDENT NOTICE OF REMOVAL

The Plaintiff moves this Honorable Court to remand this matter to the Delaware Superior Court, and to find that the Defendant's Notice of Removal in this matter was "objectively unreasonable". A Notice of Removal was filed in this Court on November 21, 2018, and also in the Delaware Superior Court on November 21, 2018. The basis for this Motion rests upon the provision of 28 U.S.C §1441(b)(2) which states:

> "(2) A civil action otherwise removable solely on the basis of the jurisdiction under §1332(a) of this title may not be removed if any of the parties in interest properly joined and served as Defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (Ex. No. 1)

1. A Complaint was filed by Plaintiff, James L. Gazzola (hereinafter "Gazzola") in the Superior Court of the State of Delaware on October 23, 2018, (Ex.No. 2) alleging two causes of actions arising under Delaware State law, 19 Del. C. §1701, et.seq. (the "Delaware Whistleblowers' Protection Act", Count I), and a claim of the Breach of the Covenant of Good faith and Fair Dealing, Count II, also arising under Delaware State law.

2. It is undisputed, that the Plaintiff, Gazzola is a citizen of the State of New Jersey. (Delaware Superior Court Complaint ¶1 [attached hereto as Ex. No. 2]; Notice of Removal ¶7(a) [attached hereto as Ex. No. 3])[1]

3. It is agreed and conceded by the Defendant, Bayhealth Medical Center, Inc., (hereinafter "Bayhealth") that Bayhealth is a corporation organized and existing under the laws of the State of Delaware where its principal place of business is located in Dover, Delaware. (Superior Court Complaint, ¶3, Notice of Removal ¶7(b))

4. Also it is incontrovertible, and conceded that Bayhealth was served in the Delaware Superior Court State action on November 2, 2018. (Notice of Removal Bayhealth, Ex. No. 3, ¶3). Accordingly, Bayhealth "…is a citizen of the State in which such action (was) brought, 28 U.S.C. §1441(b)(2), referred to as the "forum defendant rule".

---

[1] The Notice of Removal attached as Ex. No. 3 does not include the required exhibits.

5.  It is well settled law that the language of 28 U.S.C §1441(b)(2) is unambiguous and precludes removal on the basis of diversity of citizenship where the defendant, seeking removal, is a citizen of the forum state.  Encompass Insurance Company v. Stone Mansion Restaurant, 902 F. 3d. 147, 152 (3rd Cir. 2018). (affirming denial of a request to remand, where in forum defendant had not been served prior to removal), Young v. Bristol-Myers Squbb, 2017 WL 2774735 *2 (D. Del. 2017) (recognizing the "plain and unambiguous  and controlling language of §1441(b)(2),  but denying remand since the parties in interest had not been properly joined and served, unlike in the present case where Bayhealth has been served, ¶4, supra.))

6.  It is equally incontrovertible that an action was filed between the Plaintiff and the Defendant in a State forum, the Superior Court of the State of Delawar,e in which Bayhealth, a Delaware citizen, was named as the Defendant.

7.  In addition it is equally without dispute that prior to the date of the filing of the Notice of Removal, November 21, 2018, Bayhealth was "….properly joined and served as (a) Defendant()" (Ex.No.4), and that Bayhealth a citizen of the State of Delaware in which this action was brought.

8.  Since Bayhealth is a "forum defendant" which has been "…properly joined and served as (a) defendant()", its  Notice of Removal, in an attempt to have this

matter removed to the Federal Courts, was "objectively unreasonable. 28 U.S.C §1441(b)(2).

9. Where all the statutory requirements providing that Removal may not be had, even the face of diversity of citizenship and jurisdictional damages, and where the requirements of 28 U.S.C. §1441 (b)(2) have been met, this Court may not exercise diversity citizenship and this matter should be promptly remanded to the Delaware Superior Court.

10. Since on its face the Defendant's Notice of Removal (Dk-1) is objectively unreasonable, the provisions of 28 U.S.C. §1447(c) (Ex.No.6) become applicable.

11. The provisions of 28 U.S.C. §1447(c) provide that where there is an order remanding a case this Court may require a payment of just costs including attorney fees incurred as a result of the removal. The United States Supreme Court interpreted that section to mean that the standard for awarding fees turns on the reasonableness of the removal and that:

> "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corporation, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d. 547 (2005).

12. The Third Circuit interpreting that standard has held, and affirmed the award of attorney's fees under 28 U.S.C. §1447(c) holding that the award of attorney fees "…should turn on the reasonableness of the removal." Lott v. Duffy, ,579 Fed. Appx., 87, 90. (3rd Cir. 2014).

13.  In the present proceedings the Notice of Removal objectively indicates that Bayhealth is a "forum defendant", which as such requires this matter be remanded to the Delaware Superior Court.  28 U.S.C. §1446(b)(2).  Since the defendant here seeking removal was "citizen of the State in which such action was brought." 28 U.S.C. §1441(b)(2), such the removal was objectively  and plainly unreasonable, Martin, 546 U.S., at 141,  Lott v. Duffy,  579 Fed. Appx., at 90.

14.  Accordingly, this Court should award costs and reasonable attorney's fees, pursuant to the provisions of 28 U.S.C. §1447(c).

WHEREFORE, Plaintiff requests this Court to promptly remand this matter, as expeditiously as possible, the Motion for removal having been objectively unreasonable and improvidently brought.

                                        /s/ Gary W. Aber
                                        GARY W. ABER (DSB#754)
                                        704 N. King Street, Suite 200
                                        P.O. Box 1675
                                        Wilmington, DE  19899
                                        (302) 472-4900
                                        Attorney for Plaintiff

Dated: November 26, 2018